UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nathan Strei, | Case No. 12-1095 (JRT/LIB) |
| Plaintiff, | |
| v. | **JOINT REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS INVESTIGATOR JOHN McARTHUR AND OFFICER MERLIN DEEGAN'S MOTION FOR SUMMARY JUDGMENT** |
| Deputy Scot Blaine, Kevin Miller, Investigator John McArthur, Officer Merlin Deegan, Nichole Myree Hensen, Joseph Merz, County of Becker, and the United States of America, | |
| Defendants. | |

---

Plaintiff's claims against officers Deegan and McArthur ("White Earth Defendants") should be dismissed as a matter of law, as their individualized discretionary conduct at the time of the arrest was objectively reasonable, supported by both actual and arguable probable cause, and was otherwise protected by qualified and official immunity. "In determining whether qualified immunity exists, each Defendant's conduct must be independently assessed." *Tracy v. Neuberger,* 840 F. Supp. 2d 1183, 1188 (D. Minn. 2012), citing *Heartland Accd. Cmty. Church v. Waddle,* 595 F. 3d 798, 805-06 (8th Cir. 2010).

Plaintiff may not improperly lump all Defendants together for purposes of determining whether or not qualified immunity exists for all of the Defendant officers. *Id.* at 1188. Rather, each Defendant's conduct must be individually assessed to determine

1

whether or not that specific officer's conduct was constitutionally unreasonable based on the totality of the facts and circumstances known to each officer.  The analysis must also take into account the well settled principal that police officers may reasonably rely on information provided by others in the law enforcement community.  *Doran v. Eckold*, 409 F.3d 958, 965 (8th Cir. 2005) (citations omitted).  In determining the reasonableness of an officer's reliance on information from others, Plaintiff may not impermissibly allege that one agency conducted an inadequate or incomplete investigation, and then impute those alleged inadequacies to the officers on the street who were dispatched to respond to a complaint.  *Id.* at 965.

Additionally, officers are not required to rely on explanations given by suspects, or to otherwise accept a suspect's subjective belief that he or she is not violating the law in making a probable cause determination.  *Borgman v. Kedley,* 646 F.3d 518, 525 (8th Cir. 2011).  Officers also need not conduct a "mini-trial" before making an arrest.  *Stepnes v. Ritschel,* 663 F. 3d 952, 961 (8th Cir. 2011).  Rather in the wrongful arrest context, officers are entitled to qualified immunity for their actions even if they arrest a suspect under the mistaken belief that probable cause existed provided the mistaken belief was objectively reasonable.  *Armine v. Brooks,* 522 F.3d 823, 832 (8th Cir. 2008).

Here, the White Earth Defendants reasonably relied upon the comprehensive and thorough investigation conducted by Becker County.  The White Earth Defendants reasonably and objectively exercised their judgment and discretion, they weighed and considered the limited information then available to them, and then, they made a reasonable on-the-scene, good-faith decision to arrest.  Probable cause for an arrest may

2

clearly exist for immunity purposes if evidence known to the officers supports the conclusion that a crime has been committed, even though the officer was aware of contrary evidence and gave it less weight. *State v. Olson,* 342 N.W.2d 638, 640 (Minn. Ct. App. 1984). Here, there mere fact that a court issued a standard form, check the box order, concluding that Defendant Hensen failed to prove the requisite allegations sufficient to support an unlawful detainer complaint, does not negate the White Earth officers' reasonable reliance on Becker County's comprehensive investigation and good-faith probable cause determination.

A)    **The White Earth Defendants are entitled to qualified immunity.**

Plaintiff has improperly grouped all the Defendants together, painting them with the same broad brush, arguing that all of their actions were "objectively unreasonable," and that none of the officers are entitled to qualified immunity. *See, Opp. Brief*, pp. 26-28. Strei argues that it was somehow unreasonable for the White Earth officers to reasonably rely on Becker County's direction to arrest Strei, even though it is undisputed that Becker County conducted a comprehensive investigation of the ongoing trespassing issues for several months, confirmed the posting of the property, consulted with and obtained the advice of the county attorney, and issued a broadcast e-mail with instructions to specifically arrest Strei if he was found at the cabin only days before the arrest. Strei nonetheless argues that the White Earth Defendants lacked probable cause, or even arguable cause, because the officers were aware that a civil court had issued a form check the box order, indicating Hensen had failed to prove all of the allegations in a prior unlawful detainer complaint.

Strei also argues that the Defendants had an obligation to conduct a further investigation to determine why Hensen's unlawful detainer action had failed before making an arrest, primarily relying on *Kuehl v. Burtis*, 173 F.3d 646 (8th Cir. 1999). *See, Opp. Brief*, pg. 31. In *Kuehl*, the court found that "probable cause does not exist when a 'minimal further investigation' would have exonerated the suspect." *Id*. at 650. In *Kuehl,* the Plaintiff was arrested after an officer refused to listen to the only witness who saw the entire altercation and had spoken to Kuehl for only 20 seconds. *Id.* at 648-49.

Here, in contrast, Officer Deegan carefully weighed and considered the limited information which was available to him on the night of the arrest. Although he listened to Strei, he was not required to accept Strei's explanation or interpretation of the form order, nor was he required to conduct a "mini-trial" in order to determine if the denial of the eviction order would ultimately impact a successful prosecution. Officer Deegan is neither a lawyer nor a judge. Rather, he is a beat officer who was randomly dispatched to respond to a second trespassing call involving competing claims of ownership, which he knew had been extensively investigated over the course of several months by Becker County as the lead investigating agency. Accordingly, he understandably, and reasonably, relied on the information provided by the Becker County Investigators and Becker County Attorney in weighing the competing information available to him. Here the lack of investigation in Kuehl is absent.

On the night of the arrest, Officer Deegan was also aware that Plaintiff had not previously provided him with a copy of the updated quit claim deed in which Plaintiff had conveyed his interest to Hensen. He also knew that the property had now been

4

posted, and he had received an e-mail from the lead investigating agency and Becker County Attorney only days earlier directing Strei's arrest if found at the property.  Out of an abundance of caution, he then confirmed that the Becker County e-mail and arrest instructions, which were based on months of investigation and supported by the opinion of the county attorney, were still valid and in effect.  Having confirmed the validity of the e-mail, Officer Deegan then executed the arrest following Strei's failure to immediately leave the premises after several requests to vacate.

   Plaintiff further suggests that there were no exigent circumstances in this case, apparently intimating that Officer Deegan, a beat officer not involved in the underlying Becker County investigation should have conducted a further investigation beyond the months of investigation, performed by Becker County.  *See Opp. Brief*, pg. 32.  However, Plaintiff's brief itself acknowledges the exigent circumstances faced by Officer Deegan.  Officer Deegan was apprehensive about responding to what he considered to be a domestic situation in a rural setting, alone at night.  *Id.* pg. 10.  Officer Deegan had also been told that Strei had guns, could be drinking, and that his license was revoked due to a DWI.  Officer Deegan was further told that Hensen had been dealing with Becker County and she had posted the property and Strei was not supposed to be there.  *Id.* at 10, 16.  On the night of the arrest, Strei did in fact have loaded guns which Officer Deegan unloaded.  *Id.* 17.

   Given the circumstances, and the information available to the White Earth Defendants at the time of the arrest, any reasonable officer would have determined the existence of probable cause to arrest Strei for trespassing.  At a minimum, the White

5

Earth Defendants had arguable probable cause to support their actions, which were objectively reasonable and protected under qualified immunity.

The White Earth officers also had no duty to conduct further investigation once they had (arguable) probable cause to arrest. *See Amrine v. Brooks,* 522 F.3d 823, 832 (8th Cir. 2008) ("As probable cause is determined 'at the moment the arrest [is] made,' any later developed facts are irrelevant to the probable cause analysis for an arrest.") (quoting *United States v. Rivera,* 370 F.3d 730, 733 (8th Cir. 2004)); *Matthews v. City of E. St. Louis,* 675 F.3d 703, 707 (7th Cir. 2012) (holding that once probable cause is developed, officers have "no constitutional obligation to conduct further investigation in the hopes of uncovering potentially exculpatory evidence.").

B)   **The White Earth Defendants are entitled to official immunity.**

Official immunity protects governmental officials from suit for discretionary actions taken in the course of their official duties. *Kari v. City of Maplewood*, 582 N.W. 2d. 921, 923 (Minn. 1998). Police officers are generally classified as discretionary officers entitled to official immunity. *Johnson v. Carrol,* 658 F.3d 819, 829 (8th Cir. 2011). A police officer's conduct is generally immune because "[t]he community cannot expect its police officers to do their duty and then to second guess them when they attempt to conscientiously do it." *Pletan v. Gains,* 494 N.W. 2d. 38, 41 (Minn. 1992). Strei argues that the White Earth Defendants are not entitled to official immunity claiming that some of the acts in question were ministerial and there is no evidence of malice. *See Opp. Brief*, pg. 37.

On the evening of the arrest, Officer Deegan was randomly dispatched to respond to an ongoing trespassing complaint being investigated by another department. He only had "meager" first-hand knowledge and information, as he was not involved in the underlying, ongoing Becker County investigation, and the evening of the arrest was only the second time he had been involved with the ongoing trespassing dispute. His arrest involved a real-time, on-the-scene decision, based upon meager information, precisely the type of discretionary decision making that official immunity is intended to protect from judicial second guessing. *See Kelly v. City of Minneapolis*, 598 N.W. 2d. 657, 665 (Minn. 1999).

He responded at night in a dark, rural, isolated location involving a domestic ownership dispute between an armed ex-boyfriend who may have been drinking and his former girlfriend. Neither Officer Deegan nor Investigator McArthur, whose only involvement was a couple of telephone calls on the evening of the arrest, acted in a willful or malicious manner when making the discretionary decision to arrest Strei. The White Earth Defendants responded in a cautious, conscientious manner by verifying and confirming the Becker County arrest request was still valid and in place. The White Earth Defendants' discretionary good-faith decision to arrest Strei is precisely the type of high-risk, on-the-spot decision official immunity is designed to protect.

## **CONCLUSION**

For the foregoing reasons, the White Earth Defendants respectfully request that the Court grant their Motion for Summary Judgment.

Dated: <u>October 29, 2013</u>          By:     <u>s/Richard M. Dahl</u>
                                                 Richard M. Dahl
                                                 Bar Number 148258
                                                 Attorney for Defendants Investigator John
                                                    McArthur and Officer Merlin Deegan
                                                 Madigan, Dahl & Harlan, P.A.
                                                 222 South Ninth Street, Suite 3150
                                                 Minneapolis, MN 55402
                                                 Tel:   (612) 604-2000
                                                 Fax:   (612) 604-2599
                                                 Email: dahl@mdh-law.com